The next case this morning is number 521-0412, People v. Hoyer. Arguing for the appellant, Daniel Hoyer, is Christopher Seeloff. Arguing for the appellate, People of the State of Illinois, is Max Miller. Each side will have 10 minutes for the argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Morning, counsel. Morning, your honor. Mr. Seeloff, you ready to proceed? Yes, your honor. Then go right ahead. Your honors, counsel, and may it please the court, my name is Assistant Appellate Defender Chris Seeloff, and I represent the defendant appellant in this case, Mr. Daniel Hoyer. At issue in this case is the right of the defendants to be present at all critical stages of their trial, including at a hearing on a motion to reconsider sentence. Mr. Hoyer was inexplicably absent from the hearing on his motion, despite having the right to be present. The circuit court's failure to continue the proceedings until Mr. Hoyer was present denied him not only his right to appear at all critical stages of his trial, but also his right to preserve issues for appeal and to make ineffective assistance of counsel claims pursuant to People v. Krankel. Because Mr. Hoyer's unexplained absence denied him these underlying substantial rights, this court should vacate the circuit court's decision and remand for a new hearing where Mr. Hoyer is required to be present. It is well settled that criminal defendants have the right to be present at all critical stages of their trial. This right can be found in precedent from the Supreme Courts of the United States and Illinois. While our Supreme Court has not clarified whether the right to be present at a hearing on a motion to reconsider sentence is itself an underlying substantial right, the appellate courts have. These courts have found that a motion to reconsider sentence implicates a defendant's right to preserve issues for appeal, and therefore implicates a critical stage of trial. Our Supreme Court has created two methods of analysis when underlying right. Under framework in People v. Bean, Lindsay, and Bresseau, a defendant must first prove that their absence denied them a substantial underlying right. If the defendant meets this standard, the burden shifts to the state to prove that any error from the defendant's absence was harmless beyond a reasonable doubt. Under framework in People v. Childs and People v. Lambert, the defendant's absence from a motion to reconsider sentence is inherently considered the denial of an underlying substantial right, and the state must prove harmless error beyond reasonable doubt. While Mr. Hoyer argues that this court should follow the approach in Childs and Lambert and find that his inexplicable absence from his final post-trial hearing inherently denied him an underlying substantial right, his claim succeeds under either approach. This court should follow the approach in Lambert and Childs because it more accurately tracks with the rights at issue during this kind of hearing. A hearing on a motion to reconsider sentence will very often be the last opportunity for criminal defendants to raise any issues relating to their charges and their trial. As several appellate courts have recognized, the need for defendants to create a record of all issues to be considered on appeal necessarily means that a hearing on a motion to reconsider sentence is fundamental to the defendant's trial process. The state argues that any contribution from Mr. Hoyer would not have changed the result of his motion to reconsider sentence, and therefore he cannot argue that there was any error in his absence. However, the state generally fails to engage with the fact that the harm from Mr. Hoyer's absence does not solely relate to the merits of his motion to reconsider sentence, but also to his underlying claims of ineffective assistance of counsel. On two separate occasions before trial, Mr. Hoyer raised claims that implicated his belief that he was not receiving the level of assistance guaranteed to him by the Sixth Amendment. As this court is undoubtedly aware, the framework of People v. Crankle requires a defendant to raise his claims of ineffective assistance post-trial so that the court may consider the full scope of counsel's representation throughout the case. Mr. Hoyer's absence from his final post-trial hearing was anything but harmless, as it denied him his final opportunity to raise his ineffective assistance of counsel claims and to preserve those issues for appeal. The defendant's absence from his final post-trial hearing effectively deprives him of his final opportunity to vindicate his Fifth Amendment rights to preserve issues for appeal and a Sixth Amendment right to the effective assistance of counsel. There would be no harm to the state or to the doctrine of judicial economy in simply requiring that all defendants are required to attend their final post-trial hearing, and there is great harm in requiring defendants to meet an evidentiary additional evidentiary step in vindicating their right to be present. Well that touches on what my question was going to be is if we follow your argument, are we not just basically going to have to say the defendant must be present at every motion to reconsider sentence or every post-trial motion hearing such as this? Not necessarily your honor, however that that would be a perfectly valid finding for this court to make, but it's it's important to emphasize that at the very least in Mr. Hoyer's case where he had previously made ineffective assistance of counsel claims and he was and there was no reason given for why he was not brought over to the court, this court should find that he was denied those rights in this instance. It's also important to remember that Mr. Hoyer was in custody at the time of this final post-trial hearing, so he was entirely at the whim of court officers to bring him to court in this case. It's not that he failed to show up or blew the hearing off, it's that nobody brought him over and and so it was up to them to bring him over for his final opportunity to make these claims and nobody did that. I don't have my, I've got my notes, but I'm trying to remember was this during the COVID pandemic where DOC was not transporting anybody due to the shutdown and and everything that was going on? I can't remember specifically off the top of my head your honor, however I do remember that he was available for every other hearing including um at trial and uh his sentencing hearing. He was there in person so I do believe that uh there was plenty of opportunity and ability for him to have been brought over for this hearing. Okay, thank you. Thank you your honor. If however this court decides to follow the approach in being Lindsay and Brasso, it should still find that Mr. Hoyer's unexplained absence denied him the underlying substantial rights to vindicate his Fifth and Sixth Amendment rights and that the error was not harmless beyond a reasonable doubt. As discussed earlier, this hearing was particularly important to Mr. Hoyer because it represented his final opportunity to present and preserve issues for appeal. Mr. Hoyer was not, as the state argues, simply denied the opportunity to add an oral argument regarding his motion to reconsider sentence. Mr. Hoyer was deprived of his final opportunity to earlier in his case. The state dismisses this argument claiming that Mr. Hoyer's claims of ineffective assistance were speculative. However, it is impossible to know whether Mr. Hoyer's claims of ineffective assistance are speculative because he was inexplicably denied his final opportunity to present those claims. This is why, at least in Mr. Hoyer's case, it is imperative to treat his absence from the hearing as a denial of his underlying substantial rights. Without the to preserve issues for appeal. On a more local level, Mr. Hoyer was denied his rights pursuant to People v. Crankle not only to make claims of ineffective assistance of counsel, but also to have the court conduct some sort of inquiry into those claims. As this court is well aware, once a defendant makes post-trial claims of ineffective assistance of counsel, the circuit court is required to either one, question the defendant about those claims, two, question counsel about those claims, or three, rely on his observation of counsel in determining whether the claims have arguable merit. However, he can make those claims anytime the court has jurisdiction, though, can't he? Yes, Your Honor, and the state makes that argument in its response brief. However, this argument somewhat misses the point in that Mr. Hoyer was not required to raise these claims earlier and had the right to be present at its final post-trial hearing in order to raise those even 30 days after this hearing when he was not present. He still had 30 days where he could have raised a Crankle issue. Yes, Your Honor, but at the same time he was allowed to be at this hearing and there is an argument that he had a right to be at this hearing and there was no reason given for why he was denied this right. The state, for instance, argues that Mr. Hoyer could have raised these claims in the PSI, but there's no guarantee that those claims would have been included because the information contained in a PSI is up to the discretion of the probation department. The same is true as if Mr. Hoyer had sent a letter sometime after in that 30-day period between the motion reconsider sentence and when he was required to file a notice of appeal, because as this court, I'm sure, is aware, very often circuit courts will tell clients, tell defendants that they will put letters in the record, but any arguments must be made through counsel. Again, the point is that Mr. Hoyer had the right to be at this hearing. It would have presented a perfect opportunity and likely his last opportunity to present these claims and there was no reason given for why he was not brought over to be present at this hearing. At the heart of this case, it is about a defendant's reasonable expectations that they will be brought to the courthouse to appear for hearings in their case. There is no reason given for Mr. Hoyer's absence and there is no reason why he could not or should not have been allowed to appear, as is his right. This court should follow Childs and Lambert and find that a hearing on the defendant's motion reconsider sentence is itself an underlying substantial right, because it is very often the last chance to vindicate his Fifth Amendment right to preserve issues for appeal and a Sixth Amendment right to the effective assistance of counsel. If, however, this court follows Bean, Lindsey, and Bresow, it should still find that Mr. Hoyer was denied the underlying substantial right to vindicate his Fifth and Sixth Amendment rights at his final post-trial hearing and that the error was not harmless beyond a reasonable doubt, where any speculation about the details of his ineffective assistance of counsel claims cannot be verified by a record that was never made. Accordingly, this court should vacate the decision of the circuit court and remand Mr. Hoyer's case for a new hearing where he is required to be present. Thank you. Thank you, counsel. Justice Vaughn or Justice Tate, do you have any questions? No, thank you. No, thank you. Obviously, you'll be given your time rebuttal. Mr. Miller, go right ahead. May it please the court, counsel. My name is Max Miller and I represent the people of the state of Illinois. Before getting into the case law and what is disputed in this case, I think it's best to summarize what isn't disputed in this case. Basically, we know the Supreme Court says the defendant's guaranteed a right to be present at the stage of a criminal proceeding that's critical to its outcome and where his presence would contribute to the fairness of the procedure. Now, the case law really seems to emphasize whether or not his presence does anything. Now, the sole contention of the defendant here is that my presence would have contributed to it because I could have raised a Crankle complaint. This was the only place I could have. That's legally incorrect. We know from People v. Banks that Crankle complaints can be raised orally, but from People v. Munson that it could be raised through letter notice to the court any time post-trial. And so on the basis that this was not the only time that this complaint could have been raised, he was not denied that right. Therefore, there's no not being present. And the state believes that this court can dispose of it just off of that. However, going through the case law starting with People v. Burnett, which is a first district case which outlines basically the current status of the case law, it goes all the way back to the two different strains created by our Supreme Court. And People v. Bean, our Supreme Court holds that the right of an accused person to appear at critical stages of criminal proceedings is not a substantial right under the only constitution. It's a lesser right of observance. So a defendant is not denied a constitutional right every time he's not present, not during a trial, and only when his absence results in the denial of an underlying substantial right. Now, the court held that the trial court did not violate any of the defendant's constitutional rights in Bean by hearing part of a voir dire in defendant's absence. Our Supreme Court affirmed the vitality of this Bean analysis in People v. Lindsay. The court found defendant's appearance by closed circuit television for his arraignment didn't violate his constitutional rights. Even where a defendant has the general right to be present because the proceeding is a critical stage, a defendant's absence is not a per se constitutional violation. A defendant's absence from such a proceeding will violate his constitutional rights only if the record demonstrates that defendant's absence caused the proceeding to be unfair or if his absence result in denial of an underlying substantial right. And again, this seems to be the point here is that this Krenkel right, he was not denied the right to make these Krenkel complaints. Now, the trial court certainly would have to inquire once a Krenkel complaint is made, but if it's not made, there's certainly no case law cited by the defendant or that the state's aware of that says that the trial court has to create the forum itself for the Krenkel complaint. That complaint can be raised as this held that under Beane and Lindsay, a trial court that rules against the defendant in the absence of defendant or his counsel at a critical stage may not have violated the constitutional rights at all. The first district then proceeds to analyze a second district case, which considered the right to appear in a motion to reconsider sentence. That was People v. Berceau. In that case, the defendant filed a document titled Motion to Reconsider Sentence. Defense counsel appeared at the hearing. He didn't make any efforts to argue in favor of the motion, and so the appellate court reversed denial to reconsider because defense counsel was ineffective. There, there was evidence that, you know, they had this hearing and there was a problem at that hearing. That's not a claim that the defendant's making in this case. The defendant, again, is making a claim that there was some potential that was lost here that simply wasn't legally, that as Justice Vaughn pointed out, even up to 30 days after. The defendant, excuse me, basically, if a motion to reconsider sentence alleges facts outside of the record or raises issues which may not be resolved without an evidentiary hearing, the defendant should be required, is what Berceau held. If, however, a motion to reconsider does not allege facts outside of the record and doesn't raise issues which may be resolved without an evidentiary hearing, his presence should not be required. Again, this is in People v. Lambert, a situation that was similar arose where the trial judge heard a motion to reconsider a sentence without bringing the defendant to court. The court cited Childs for the proposition that defendant had a constitutional right to appear, and so therefore the prosecution bore the burden of proving beyond reasonable doubt that the error caused no harm. Because prosecution met its burden, the error was harmless, and the court affirmed. So, ultimately, in Burnett, this First District Court concludes if they were to follow Beam, Lindsey, and Berceau's line of reasoning, they would have found that Burnett had not shown a violation of his constitutional rights because the motion raised no new factual allegations. Burnett pointed to his drug addiction, his learning disability, lack of any threat of violence as grounds for reducing his sentence. These were things contained within the PSI report and arguments that sentencing had brought these factors to trial court's attention. The court apparently considered these factors when it sentenced defendant to a term at the lower end of the available range, again in Burnett. Defendant does not now claim he would have presented additional evidence at the motion to reconsider, nor does he explain what other steps would have been taken. Therefore, there was no violation of his federal or state constitutional rights. The First District did hold, under Childs and Lambert, with those same facts, the trial court violated his constitutional rights because it decided the motion in his absence of both Burnett and his attorney, the difference here being he was represented by counsel. However, they just said this means the burden shifted to the prosecution to establish beyond reasonable doubt that the error caused no harm. In Lambert, the court explained the prosecution met its burden by proving constitutional error harmless. In Burnett, his motion to approve this, otherwise anything new that would have inclined the court to reduce his sentence. The First District held that if Burnett made the arguments, he simply would have asked the trial court to reevaluate the evidence in aggravation and mitigation, and basically to reconsider various legal arguments already raised in sentencing. If Childs and Lambert presented the proper analysis, the prosecution had established beyond a reasonable doubt error caused no harm. This court presented with the same issue that's in the analysis of Burnett. If this court were to follow Bean, Lindsey, and Brosseau's line of reasoning, it should find defendant has not shown a violation of his constitutional rights because he wasn't deprived of anything. As in Burnett, the motion itself raised no new factual allegations. The motion points to general claims of potential for rehabilitation, past criminal history, mental history, family situation, economic status, education, etc. However, as in Burnett, the PSI report and the arguments at sentencing brought all these factors to the court's attention. The court also apparently considered these factors, as it did in Burnett, because the defendant was sentenced to a term at a lower end of the available range. Specifically, the trial court said, I'm not sentencing you to the maximum because of the health issues you have, your age, and other factors that were testified to and confirmed in the pre-sentence investigation. Defendant does not now claim he would have presented additional evidence on this motion reconsider, nor does he explain what other steps he would have taken to better protect his rights had he appeared in the preceding absence, this idea of a Franklin complaint. By hearing the motion in the absence of the defendant, the trial court did not violate any of his federal or state constitutional rights. And again, the first district found this when both defendant and counsel were absent and they proceeded with this, but here we did have defense counsel and there's nothing to suggest that he was in any way affected. So this court should affirm. But if this court chooses to accept the latter analysis of Childs, any error was harmless because the defendant in motion did not rely on facts, nothing new in the record. And if the defendant had made arguments for his own appeal in the trial court, he simply would have asked the trial court to re-evaluate the evidence in the aggravation application. So for these reasons, and yes, your honor. No, I'm sorry. I was clearing my throat. Oh, I'm sorry. For these reasons, unless there are other questions, we respectfully request that this court affirm, but we'd happily entertain any questions from the panel. I have one question, Mr. Miller. You indicated that the defendant would have simply asked for certain items in his motion to reconsider had he been present. My question is, how do we know that? How can we get to that assumption that you just made? Well, so I would say, your honor, that we have to reach that assumption because we do not have any evidence of contrary here. Now there are two analyses. Isn't that the point though, is that we didn't give him the opportunity. We had him in custody. He was under the control of the state. Well, he had the opportunity to contribute to his motion reconsidered sentence. There's nothing to suggest that that motion was not prepared by his counseling conjunction with his client. The only contention we have here is that he wasn't able to present crankle complaints. But again, if his counsel was ineffective because he did have a crankle issue, then it seems to me that we haven't given him a chance to make his arguments before the court. If counsel was ineffective, which is something that is certainly not borne out in the record in any obvious sense. Again, the state maintains that there's slim evidence of this but post-trial when crankle complaint is supposed to be brought, there's absolutely nothing that the trial court was supposed to consider. And so this court certainly should presume that he did receive effective assistance of counsel in absence of any evidence of contrary. But to follow up with Justice Cates, isn't that what the crankle is for? Is for the defendant to be able to bring up such a record that indicated that counsel is ineffective. That may be true, but the defendant has to make the claim and then the trial court is the one who flushes that out by asking the questions. Absolutely, your honor. And that complaint was never made. And the only point the state would emphasize is that the opportunity for that complaint was always present and it was just not taken advantage of. And the fact that that wasn't the case should not be placed on either the fault of defense counsel or the trial court, especially in regards to the crankles specifically. Justice Cates, Justice Vaughn, any other questions? No, thank you. No, thank you, your honor. Thank you, Mr. Miller. Mr. Selaff, go right ahead with your rebuttal. Thank you, your honors. Two points by my very unofficial count of the clock during its argument. The state spent almost four minutes discussing motions to reconsider and what Mr. Hoyer would have added to that. Again, as noted in the reply brief, Mr. Hoyer does not argue that his presence denied him the ability to contribute to his motion reconsider or that the outcome would have been different on his motion reconsider if he would have been present. As Justice Cates and Justice Bowie both pointed out, the argument here is that he was not present to present crankle claims. The state argues that because no complaint was made here that there is no error and it assumes that no complaint would have been made regardless of whether Mr. Hoyer knew or would have taken advantage of some of the other avenues he had to raise crankle complaints. But again, this largely misses the issue. It confuses a functional reality argument. There are many reasons why a defendant may not bring a crankle claim until what they would reasonably believe is their final post-trial hearing that they would also reasonably believe they would be present at. For instance, a defendant may be just simply unaware of the legal realities that they can raise crankle claims at any time post-trial through PSI or through a letter or through other means. They may also be nervous or scared about the defense attorney knowing that they're claiming them ineffective. As much as we'd like to believe that these relationships will be open and forthcoming and amicable, very often the reason people raise crankle claims, as Mr. Hoyer alleged here in a pretrial hearing, is that I don't think he wants to handle my case honestly. And so for that reason, it's just as believable that Mr. Hoyer would have waited until the last moment, his last post-trial hearing, to have raised these motion to reconsider sentence and to argue that, well, there was nothing in the record that said that he was going to raise a crankle claim. This is the point that this was his last chance to do so. As Justice Cates pointed out, he was in state custody. It wasn't that he blew this off or that he was trying to game the system work around it. Nobody brought him over and he had no means to bring himself over. And it was his last chance to do it, likely the last chance that he understood or knew of, to raise these claims. As to the second point, Your Honor, the state argues that because defense counsel was present, then it was fine. There was no error. And he cites several cases that discuss where when defense counsel is present to argue on behalf of the defendant, then it is fine. I understand, Mr. Hoyer understands in the, again, in the legal abstract that this is crankle claims of ineffective assistance of counsel. It begs the question how defense counsel being present would have helped vindicate these claims. As Your Honors are well aware, it is largely prohibited from defense counsel to raise their own ineffectiveness, at the very least to a sponte, and where there was no pro se crankle motion put in by Mr. Hoyer, again, largely because he probably thought he could raise those claims at the final post trial hearing, defense counsel's presence is irrelevant to the vindication of Mr. Hoyer's Fifth and Sixth Amendment rights on these on this issue. Mr. Sayliff did at the sentencing hearing, I'm assuming that the at the end of that the trial court advised Mr. Hoyer of his appeal rights and whatnot. You know, there's a litany of things that the trial court has to go through did did the trial court ask Mr. Hoyer if he was satisfied with his representation? I don't believe so, Your Honor, it off the top of my head, I don't know exactly, but I don't remember from my review of the record, any of those questions and had had I noticed that while reviewing the record, it likely would have led to a change in the argument specifically because he would have been asked about that. But I, I don't remember anything off the top of my head. But again, it doesn't change the analysis that because the motion to reconsider was filed by counsel, and this hearing was set, again, it was another opportunity for him to raise those claims if he had any and the state speculation that none would have been forthcoming because none was made is a circular argument. Had he been there, he would have had the opportunity to raise those claims. There was no reason for him not to be there. And there were plenty of good reasons why he should have been brought over from state custody in the jail to the courthouse. Isn't it also speculation that he would have raised those claims? Yes, Your Honor, but where defendants generally have the right to be present at all stages of their trial, if we're going to speculate one way or the other, we should speculate on the very least that attendance would have resulted in some benefit to the defendant instead of speculating that attendance is really not that important. If Your Honor is having any other questions, I'd be happy to answer. Justice Bond, Justice Cates? No, thank you. No questions. Thank you. Well, thank you, counsel. Obviously, we will issue an order in due course. And I hope you all have a great day.